**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZAMIR IGNACIO HURTADO-ASPIRILLA,<br>Petitioner,<br>v.<br>CHRISTOPHER J LAROSE, *et al.*,<br>Respondents. | Case No. 26-cv-06112-BAS-MMP<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Zamir Ignacio Hurtado-Aspirilla filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody. (ECF No. 1.) The Government responds. (ECF No. 5.) For the reasons stated below, the Court **DENIES** the Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It

applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner entered the United States in September 2023 seeking asylum. (ECF No. 1 ¶ 1.) The Department of Homeland Security ("DHS") paroled Petitioner into the United States. (*Id.* ¶ 24.) On December 1, 2025, Petitioner was arrested for child abuse in Utah. (ECF No. 5, Ex. 1.) Utah authorities turned him over to immigration authorities on January 5, 2026. (*Id.*) On March 2, 2026, an Immigration Judge ordered Petitioner removed to Ecuador. (ECF No. 5, Ex. 3.) Ecuador refused to accept Petitioner because of his criminal history. (ECF No. 5.) Therefore, on June 22, 2026, DHS filed a motion to reopen proceedings to pursue removal to Venezuela—Petitioner's home country. (*Id.*) An Immigration Judge granted DHS's motion, placing Petitioner back into removal proceedings.

On May 8, 2026, Petitioner filed his first habeas petition, arguing that he was subject to an unreasonably prolonged detention under *Zadvydas*, 533 U.S. 678, and that he was entitled to a bond hearing. (*Hurtado-Aspirilla v. LaRose*, 26-cv-02925-BAS-MMP, ECF No. 1.) On July 14, 2026, the Court denied the Petition, finding Petitioner's detention was not arbitrarily or indefinitely prolonged under *Zadvydas* and that Petitioner was mandatorily detained under § 1226(c). (*Id.* at ECF No. 14.)

On October 7, 2026, an Immigration Judge found Petitioner was not mandatorily detained under § 1226(c), but after holding a bond hearing, denied Petitioner's request for bond, finding Petitioner was a flight risk. (ECF No. 5, Ex. 4.) It is unclear whether Petitioner appealed this bond denial. On October 26, 2026, an Immigration Judge once again ordered Petitioner removed. (*Id.*) Petitioner has until November 25, 2026, to appeal this removal order.

## III. ANALYSIS

Petitioner argues he is entitled to a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). In *Maldonado Bautista,* the Central District certified a class of individuals arrested in the interior of the United States and found they were not subject to mandatory detention under Section 1225, but instead entitled to a bond hearing pursuant to § 1226. *Id.* In *Rodriguez Vazquez*, the Ninth Circuit found "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)," and are thus entitled to a bond hearing. 183 F.4th at 1165. Neither *Maldonado* nor *Rodriguez Vazquez* is applicable to Petitioner's situation for two reasons. First, he was initially arrested at the border in September 2023, not in the interior of the United States. Second, an Immigration Judge held a bond hearing and found Petitioner was a flight risk. (ECF No. 5, Ex. 4.) Since Petitioner has already received the remedy he is requesting—a bond hearing pursuant to § 1226—his argument fails.

Petitioner next argues that he has been subject to prolonged detention. The Court agrees that an immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's Due Process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). However, Petitioner fails to show that his detention has been arbitrary or unreasonably prolonged. Although he has been detained for eleven months, DHS has proceeded with his case expeditiously. An Immigration Judge ordered Petitioner removed to Ecuador within two months of his detention. However, Ecuador refused to accept Petitioner because of his criminal history. Therefore, DHS moved to reopen proceedings to remove Petitioner to Venezuela—his country of origin. An Immigration Judge granted the request to reopen and has now ordered

Petitioner removed to Venezuela. Thus, his detention has not been arbitrarily or unreasonably prolonged.

Equally importantly, Petitioner has received due process in the form of a bond hearing. Petitioner has the option to appeal that bond denial. As the Government points out, Petitioner must exhaust his administrative remedies before appealing the bond determination to this Court. "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He had the option to appeal his bond denial to the BIA and so far has failed to do so. Although this is a prudential requirement, requiring appeal to the BIA makes sense. The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. If, as Petitioner argues, the Immigration Judge made a rogue decision, appealing to the BIA allows the agency to correct its own mistake and preclude the need for judicial review. And, finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion). Petitioner fails to argue any grounds for waiving the

requirement. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Petition (ECF No. 1). The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: November 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**